IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DAVID JUAN ANDERSON, :
:
    Plaintiff :
:
VS. : 1 : 07-CV-134 (WLS)
:
DR. LAVENDRA SHOOTES and :
CHRISTINE CROSS, :
:
    Defendants. :

**ORDER AND RECOMMENDATION**

    Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are defendant Cross' Motion to Dismiss and Motion to Stay and defendant Shootes' Motion for Summary Judgment. The plaintiff filed this action in September 2007, challenging certain conditions of confinement at Calhoun State Prison. Both defendants allege that the plaintiff failed to properly exhaust his claims pursuant to the Prison Litigation Reform Act ("PLRA").

    The plaintiff filed this action in September 2007, based on claims that while confined at Calhoun State Prison he was denied dental care and his grievances were ignored. With the exception of allegations regarding additional grievances filed, the plaintiff filed this identical suit in this court in February 2006. *See Anderson v. Shootes and Cross*, Civil Action No. 1 : 06-CV-28 (WLS). This suit was dismissed on March 21, 2007, when the court adopted the recommendation of the undersigned to grant the defendants' Motion to Dismiss based on plaintiff's failure to fully exhaust his claims prior to filing suit. The plaintiff now brings the identical claims of denial of dental care herein, but adds that he filed additional grievances

subsequent to the dismissal of his initial suit.

*Discussion*

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).[1] The defendants assert that following the dismissal of his claims in March 2007, the plaintiff filed additional informal and formal grievances, but still did not complete the exhaustion process before refiling this suit in September 2007. Within his complaint, the plaintiff admits that he had not yet received a response to his grievances.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate

---

[1] In a decision issued on June 20, 2008, the Eleventh Circuit held that exhaustion of administrative remedies is a matter in abatement and should be raised, or treated as raised, in a motion to dismiss rather than motion for summary judgment. *Bryant v. Rich*, 2008 WL 2469405 (11th Cir. 2008). The undersigned will address the exhaustion issues raised herein accordingly.

who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff clearly failed to fully exhaust his administrative remedies prior to filing this second suit, despite his production of receipts for filing grievances on July 9, 2007 and September 4, 2007. There is no indication that the plaintiff's grievances had resulted in any form of resolution or appeal as of the time plaintiff filed his complaint on September 10, 2007.

Accordingly, it is the recommendation of the undersigned that defendant Cross' Motion to Dismiss and defendant Shootes' Motion for Summary Judgment be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Motion to Stay*

Defendant Cross' Motion to Stay proceedings herein pending the resolution of the Motion to Dismiss is hereby **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 6th day of August, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE