**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

DAVID JUAN ANDERSON, :
:
    Plaintiff, :
:
v. : 1:07-CV-134 (WLS)
:
DR. LAVENDRA SHOOTES, *et al*., :
:
    Defendants. :
:

## **ORDER**

    Before the Court is a Recommendation from United States Magistrate Judge Richard L. Hodge filed on August 6, 2008. (Doc. 29). It is recommended that Plaintiff's Complaint be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *Id*. Plaintiff filed a timely objection to the Report and Recommendation on August 18, 2008. (Doc. 31).

    In the Recommendation, Judge Hodge found that Plaintiff's Complaint was filed on September 10, 2007 based on the same allegations as his previously dismissed lawsuit by this court. *See* Anderson v. Shootes and Cross, Civil Action No. 1:06-CV-28 (WLS); (Doc. 2). Plaintiff now alleges that he filed additional grievances after the dismissal of his original lawsuit. (Doc. 2). Finally, Judge Hodge found that despite Plaintiff's production of receipts for grievances filed on July 9, 2007 and September 4, 2007, there is no evidence that these grievances resulted in a resolution or an appeal, which would fully exhaust the available administrative remedy. (Doc. 29).

    In his objection, Plaintiff contends that he did not exhaust his administrative remedies because the "system is inadequate and ineffective." (Doc. 31). Additionally, Plaintiff cites case law to support the proposition that a prisoner cannot exhaust his administrative remedies if his grievances are lost, destroyed or ignored. *Id*. Moreover, such action would constitute a violation of due process. *Id*.

    As noted by Defendant Cross, Plaintiff's contention that the grievance procedure is ineffective and inadequate, or that his grievances were lost destroyed or ignored first appeared in

1

his objection. (Doc. 33). Additionally, notwithstanding Plaintiff's failure to previously raise such arguments, there is an administrative procedure that must be followed when a prisoner believes that his grievances have been lost, destroyed or ignored. *Id*. Prisoners in this situation must file an appeal of these circumstances to the Commissioner's Office. Plaintiff, again, has clearly failed to follow the designated administrative grievance procedure.[1] For all of the above reasons, Plaintiff's Objections (Doc. 31) are **OVERRULED**.

Accordingly, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 29) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein. Therefore, Defendant Shootes's Motion to Dismiss (Doc. 12) and Defendant Cross's Motion for Summary Judgment (Doc.18) are **GRANTED** and Plaintiff's claims are **DISMISSED**.

**SO ORDERED**, this  12th  day of September, 2008.

                                                                     /s/W. Louis Sands
                                         **THE HONORABLE W. LOUIS SANDS,**
                                         **UNITED STATES DISTRICT COURT**

---

[1] Here, the Court need not, and does not, address the merits of any allegation that the grievance system is inadequate or ineffective, because Plaintiff has not made the proper showing to support such a contention nor has Plaintiff properly raised such issues.